UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY RAYMOND CROWLEY,

        Petitioner,        Case No. 2:21-cv-10183
                                          Hon. Paul D. Borman

v.

GARY MINIARD,

        Respondent.
_____/

**OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS, AND (2) DENYING CERTIFICATE OF APPEALABILITY**

Michigan prisoner Gregory Raymond Crowley commenced this action by filing a "Petition for Emergency Release Due to Corona Virus Pandemic." The Court construes Crowley's petition as an application for a writ of habeas corpus. See *Noel v. Winn*, 2021 U.S. Dist. LEXIS 1476, 2021 WL 37708, at *1 (E.D. Mich. Jan 5, 2021); *Parks v. Winn*, 2020 U.S. Dist. LEXIS 120731, 2020 WL 3833114, at *1 (E.D. Mich. July 8, 2020). In 2008, Crowley pled no contest in the Saginaw Circuit Court to carjacking and conspiracy. MICH. COMP. LAWS § 750.529a. He was sentenced to fourteen to twenty-five years. Crowley does not challenge the validity of his conviction. Instead, he claims that he is entitled to his early release because he is at risk of contracting COVID-19 due to overcrowding at his facility.

## I.

Promptly after the filing of a petition for habeas corpus, the Court undertakes a preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; see also 28 U.S.C. § 2243. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

It is well-settled that a state prisoner filing a petition for a writ of habeas corpus first must exhaust any state court remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The exhaustion requirement applies regardless whether Crowley's petition is deemed filed under 28 U.S.C. § 2254 or § 2241.[1] See *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 237 (6th Cir. 2006); *Phillips v. Court of Common Pleas, Hamilton Cty.*, Ohio, 668 F.3d 804, 810 n.4 (6th Cir. 2012). The burden is on the petitioner to plead and prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

---

[1] The only statutory provision cited by Petitioner as a basis for relief, 18 U.S.C. § 3143(a), applies to federal and not state prisoners. See *Wilcox v. Morgan*, 2007 WL 9728462, at *1 (W.D. Ky. Apr. 30, 2007).

Crowley fails to meet this burden. He neither alleges nor establishes that he has exhausted available remedies in the state courts. Petitioner may be able to file a state habeas petition challenging the legality of his continued confinement in light of prison conditions. See *Phillips v. Warden, State Prison of S. Mich.*, 153 Mich. App. 557 (1986). He may also be able to seek relief by filing a civil action in state court for unconstitutional conditions of confinement. See *Kent Co. Prosecutor v. Kent Co. Sheriff*, 428 Mich. 314 (1987) ("No one now doubts the authority of courts to order the release of prisoners confined under conditions violating their Eighth and Fourteenth Amendment rights."). Crowley therefore has available state remedies that must be exhausted before proceeding in federal court. See, e.g., *Sewell v. Brown*, 2020 WL 3542154, *3-4 (W.D. Mich. June 30, 2010) (discussing available remedies and dismissing similar § 2241 habeas petition).

The Court notes that a habeas petitioner's failure to exhaust may be excused if "circumstances exist that render such process ineffective" to protect his rights. 28 U.S.C. § 2254(b)(1)(B). Although the COVID-19 pandemic has had an undeniable impact on all aspects of society, including delaying court proceedings, there is no indication that Petitioner cannot obtain relief in the state courts. See, e.g., *Money v. Pritzker*, 453 F. Supp. 3d 1103, 2020 WL 1820660, *21 (N.D. Ill. 2020) (holding that exhaustion requirement was not satisfied because petitioners had "not made a

satisfactory showing that the state court system was not every bit as available as the federal courts, if not more so [to resolve emergency COVID-19 motion]").

## II.

For the reasons stated, the Court concludes that Crowley has not exhausted available state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court **DENIES** a certificate of appealability because reasonable jurists would not debate the correctness of the Court's procedural ruling. 28 U.S.C. § 2253(c)(1)(a); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

**SO ORDERED.**

s/Paul D. Borman<br>
Hon. Paul D. Borman<br>
United States District Judge

Dated: February 10, 2021

4